# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KYLE HANEY, | Case No.: 2:18-cv-01373-APG-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF HENDERSON, et al., | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On May 29, 2019, I dismissed the complaint with leave to amend and directed Plaintiff Kyle Haney to file an amended complaint within 30 days.[1] The 30-day period has now expired, and Haney has not filed an amended complaint or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3]

---

[1] ECF No. 5 at 13.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

Here, the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor–public policy favoring disposition of cases on their merits–is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[6] My order requiring Haney to file an amended complaint within 30 days expressly stated: "IT IS FURTHER ORDERED that if Haney fails to file an amended complaint curing the deficiencies, this action will be dismissed with prejudice for failure to state a claim."[7] Thus, Haney had adequate warning that dismissal would result from his noncompliance with my order.

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff Kyle Haney's failure to state a claim.

---

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

[7] ECF No. 5 at 13.

2

It is further ordered that the motion to proceed *in forma pauperis* **(ECF No. 1) is DENIED** as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly and close this case.

Dated: July 9, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE